UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ELEANOR MCKISSICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:09-cv-01112 |
| | ) | Judge Nixon |
| ELECTROLUX HOME PRODUCTS, INC., | ) | Magistrate Judge Bryant |
| | ) | |
| Defendant. | ) | |

**TO:** **The Honorable John T. Nixon**

## REPORT AND RECOMMENDATION

Defendant Electrolux Home Products, Inc. ("Electrolux") filed its motion to strike the Declaration of Steve Trail pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, (Docket Entry No. 30), to which Plaintiff McKissick responded in opposition, (Docket Entry No. 35). Electrolux filed a Reply to Plaintiff's Response, (Docket Entry No. 39).

Through Local Rule 16.01, the undersigned Magistrate Judge is responsible for issuing a report and recommendation regarding this motion. (Docket Entry No. 3).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Electrolux's motion to strike declaration of Steve Trail be **GRANTED**.

STATEMENT OF THE CASE

Plaintiff Eleanor McKissick filed this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, in that Plaintiff applied for positions of employment with Defendant Electrolux for which she was qualified but rejected because of her sex. (Docket Entry No. 1). Plaintiff exhausted all the administrative requirements and received notice of suit

-1-

rights from the EEOC. (Docket Entry No. 1). Defendant Electrolux denies it has violated Title VII or any other law and denies all liability to Plaintiff. (Docket Entry No. 9).

Defendant Electrolux moved for summary judgment on all of Plaintiff's claims on the grounds that there are no genuine issues of material fact and that Electrolux is entitled to judgment in its favor as a matter of law. (Docket Entry No. 18). Plaintiff filed a response opposing the motion for summary judgment. (Docket Entry No. 24). In opposing Electrolux's motion for summary judgment, Plaintiff submitted a purported "expert" declaration from Steve Trail, a tool and die maker experienced in reviewing resumes and conducting interviews of tool and die makers. (Docket Entry No. 27-1).

Defendant Electrolux filed its motion to strike the declaration of Steve Trail and corresponding memorandum pursuant to Federal Rule of Civil Procedure 56(e). (Docket Entry Nos. 30, 31). Defendant argues: (1) Steve Trail is not qualified to render an expert opinion on Electrolux's employment decisions; (2) Mr. Trail's declaration is wholly conclusory and relies on insufficient facts or data; and (3) Mr. Trail's declaration is not relevant and not useful because neither Plaintiff nor Mr. Trail are permitted to supplant their business judgment for that of the actual decision-makers in this case.

SUMMARY OF PERTINENT FACTS

On or about September 9, 2008, Defendant Electrolux posted on the CareerBuilder website, www.careerbuilder.com, two open positions of employment for tool makers. (Docket Entry Nos. 1, 9). Plaintiff visited the Electrolux Springfield facility on or about September 22, 2008 and spoke with a Human Resources employee about the two openings. Id. Plaintiff submitted her resume at that time and was told both positions were still open. Id. Plaintiff revisited the Electrolux facility

on or after October 6, 2008 and was told by the same Human Resources employee Plaintiff spoke with in September that she was not qualified for and would not be considered for either open position. Id. At no time did Electrolux seek to interview Plaintiff. Id. Electrolux hired two men to fill the two positions, and currently employs no female tool makers at its Springfield facility. Id. Plaintiff subsequently filed this Title VII action. Id.

In support of her Response opposing Electrolux's motion for summary judgment, Plaintiff filed the declaration of Steve Trail analyzing her qualifications for employment with Electrolux. (Docket Entry No. 27-1). The declaration specifically asserts the following:

1. Mr. Trail is the current President of United Steelworkers Local 6817 and has worked for Goodrich Company for over thirty years. He has experience as a machinist and as a tool and die maker. Mr. Trail is experienced in reviewing resumes and conducting hiring interviews of tool and die makers. (Docket Entry No. 27-1, ¶ 1).

2. Mr. Trail was asked to "review certain documents . . . and offer [his] opinions as to [Plaintiff's] qualifications for two tool maker positions advertised by Electrolux in September of 2008." (Docket Entry No. 27-1, ¶ 2). Mr. Trail bases his declaration on his "personal knowledge, experience and information received from Electrolux." Id.

3. Mr. Trail was provided a copy of the Complaint, Answer, the job posting on CareerBuilder's website, Plaintiff's resume, the resumes of thirteen other applicants including the two hired, and a letter from the Defendant's attorney discussing Plaintiff's qualifications. (Docket Entry No. 27-1, ¶ 3).

4. That "[i]t is clear from the fact of her resume that [Plaintiff] was qualified for the posted tool maker positions. [Plaintiff] has thirteen years experience in tool and die as well as machining

experience. This is well beyond Electrolux's posted requirements." (Docket Entry No. 27-1, ¶ 4).

5. Mr. Trail compared Plaintiff's resume to thirteen other applicants and concluded her experience level was equal to all but four of the most experienced. (Docket Entry No. 27-1, ¶ 5). Mr. Trail identifies four individuals granted interviews who did not have "the stated minimum of eight years of tool and die experience"on their applications or resumes. Id.

6. Mr. Trail identifies five job candidates who, based on information found on their applications or resumes, "had not worked in the tool and die field in the previous four years." (Docket Entry No. 27-1, ¶ 6). According to Mr. Trail, this was a reason provided by Defendant's attorney as to why Plaintiff was not qualified for the positions. Id.

7. Mr. Trail notes that the individual hired for the second tool making position did not work in tool making for the six months prior to his applying for the Electrolux position. (Docket Entry No. 27-1, ¶ 7). Mr. Trail also notes the fact that the hired individual stated on his application that "he had been discharged from his previous job 'for not coming in.'" Id.

8. In conclusion, "[Plaintiff] was clearly qualified. Given that she applied for the positions on the very day that interviews were supposed to begin, she could have and should have been interviewed and was a viable candidate for hire." (Docket Entry No. 27-1, ¶ 8).

ANALYSIS

A.  Standard for Summary Judgment Affidavits

Rule 56(e) of the Federal Rules of Civil Procedure provides that "[a] supporting or opposing affidavit [for a summary judgment motion] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters

stated." When considering an affidavit presented for summary judgment, trial courts are to "disregard conclusions of law (or 'ultimate fact')" found within. F.R.C. Int'l, Inc. v. United States, 278 F.3d 641, 643 (6th Cir. 2002).

Under Rule 56(e), affidavits from expert witnesses are subject to the same challenges as all other affidavits. Brainard v. Am. Skandia Life Assur. Corp., 432 F.3d 655, 663 (6th Cir. 2005). Additionally, the admission of expert testimony is subject to various rules of the Federal Rules of Evidence. See Pagan-Aponte v. McHugh, 2011 WL 1789962, at *1 (M.D. Tenn. May 10, 2011). For the Rule 56(e) affidavit, the burden of demonstrating admissibility of the expert testimony, by a preponderance of the proof, is on the party seeking to have the expert testimony admitted. Nelson v. Tenn. Gas Pipeline Co., 243 F.3d 244, 251 (6th Cir. 2001).

B. Standard for Expert Testimony

Irrelevant evidence is generally inadmissible under Rule 402 of the Federal Rules of Evidence. Pagan-Aponte, 2011 WL 1789962, at *1. Moreover, for expert testimony, admissibility is governed by Rules 104(a), 701, 702, and 704 of the Federal Rules of Evidence and is applied according to standards set forth in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). Pagan-Aponte, 2011 WL 1789962, at *1. The proposed testimony must be relevant, and therefore, there must be a "valid . . . connection to the pertinent inquiry as a precondition to admissibility." Kumho Tire, 526 U.S. at 149. A "fit" is required between the proposed testimony and the questions presented by the case at bar. Daubert, 509 U.S. at 591. Moreover, "the applicable rules, as construed by the Supreme Court, require that the Court ensure that any and all expert testimony or evidence 'is not only relevant, but reliable.'" Id. (quoting Nelson, 243 F.3d at 250). The Court must determine whether:

> [the expert] is proposing to testify to (1) scientific[, technical, or other specialized] knowledge that (2) will assist the trier of fact to understand [evidence] or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

Nelson, 243 F.3d at 251 (quoting Daubert, 509 U.S. at 592-93); Fed. R. Evid. 702. Testimony is properly scientific when "an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice in the relevant field." Kumho Tire, 526 U.S. at 152.

Rule 702 of the Federal Rules of Evidence requires that the Court "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Berry v. City of Detroit, 25 F.3d 1342, 1351 (6th Cir. 1994) (quoting Daubert, 509 U.S. at 597). Moreover, "[t]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." Berry, 25 F.3d at 1351.

C.  Plaintiff's Expert Affidavit in Support of Her Response to Defendant's Motion for Summary Judgment

An "expert opinion submitted in the context of a summary judgment motion 'must be more than a conclusory assertion about ultimate legal issues.'" Brainard, 432 F.3d at 663 (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 92 (1st Cir. 1993) (acknowledging that even though "expert testimony may be more inferential than that of fact witnesses[,]" limitations exist); see also Viterbo v. Dow Chem. Co, 826 F.2d 420, 422 (5th Cir. 1987) (determining that "[w]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible."). An expert opinion must do more than just set forth facts, but must also "outline a line of reasoning arising from a logical foundation." Brainard, 432 F.3d at 664 (citing Am. Key Corp. v. Cole Nat'l

Corp., 762 F.2d 1569, 1579-80 (11th Cir. 1985)). Therefore, if an expert "supplies nothing but a bottom line[, the expert] supplies nothing of value to the judicial process." Brainard, 432 F.3d at 664 (quoting Mid-State Fertilizer Co. v. Exch. Nat'l Bank, 877 F.2d 1333, 1339 (7th Cir. 1989)). As a result, when a Rule 56(e) affidavit shows "the absence of meaningful analysis or reasoning," it is appropriate for the court to discard the affidavit. Brainard, 432 F.3d at 664; see also Hayes, 8 F.3d at 92 ("Although an expert affidavit need not include details about all of the raw data used to produce a conclusion, or . . . other specialized input which might be confusing to a lay person, it must at least include the factual basis and the process of reasoning which makes the conclusion viable in order to defeat a motion for summary judgment.").

1. Qualifications of Plaintiff's "Expert" Witness

Plaintiff filed the declaration of Steve Trail, in which Mr. Trail analyzes Plaintiff's qualifications for employment with Electrolux, in support of Plaintiff's Response to Electrolux's motion for summary judgment. (Docket Entry No. 27-1). In his declaration, Mr. Trail states he has "experience as a machinist, and as a tool and die maker, and [is] experienced in reviewing resumes and conducting interviews including tool and die makers." Id. at ¶ 1. Neither the Plaintiff nor Mr. Trail provides any support as to why experience as a tool and die maker or experience in reviewing resumes and conducting interviews should be considered "specialized knowledge." See Nelson, 243 F.3d at 251; Fed. R. Evid. 702. Furthermore, while Mr. Trail's declaration appears to be based on his own personal experience gained as an employee of Goodrich Company, any specialized knowledge he may impart must involve some "level of intellectual rigor" within "the practice [of a] relevant field." Kumho Tire, 526 U.S. at 152. Neither the Plaintiff nor Mr. Trail has provided any authority establishing that tool and die making, resume reviewing, or interviewing is a "field"

within which "intellectual rigor" is required of testifying witnesses.

An additional concern with Mr. Trail's qualifications is not just his qualifications as an expert witness in the abstract, but whether his qualifications provide a foundation for him to answer the specific question of whether Plaintiff should have been interviewed by Electrolux. See Berry, 25 F.3d at 1351. In his declaration, Mr. Trail states that he has been employed by Goodrich Company for over thirty years, during which time he has gained experience (1) as a tool and die maker, (2) reviewing resumes, and (3) conducting interviews of tool and die makers. (Docket Entry No. 27-1, ¶ 1). However, Mr. Trail provides no information as to the number of resumes he has reviewed, criteria or procedures used in reviewing resumes, the number of interviews of tool and die makers he has conducted, or any personal knowledge of the hiring practices of Electrolux. Mr. Trail's declaration does not lay any foundation as to how his experiences at a single employer enable him to provide relevant and reliable information on the employment practices of the tool and die industry generally or to the specific employment practices of Electrolux. See Berry, 25 F.3d at 1350 (observing that, in the context of non-scientific testimony, a proper foundation must be laid connecting the witness's experience to his conclusions).

Not only has Mr. Trail failed to establish his qualifications as an expert witness, he has also failed to establish a logical foundation for his line of reasoning. As a result, there are sufficient grounds to strike Steve Trail's Rule 56(e) declaration in his capacity as an expert witness.

2.  Declaration of Plaintiff's "Expert" Witness Will Not Assist the Trier of Fact

Even if it can be established that Steve Trail is an expert witness and has specific knowledge that will allow him to answer a specific question at issue, the testimony from an expert witness must also assist the trier of fact in understanding evidence or a fact in issue. See Daubert, 509 U.S. at

592-93.

Throughout his declaration, Mr. Trail compares Plaintiff's resume to those of applicants interviewed by Electrolux. In making his comparisons, much of the insight Mr. Trail provides is nothing more than tallying the number of listed years of experience on the applicants' resumes. (Docket Entry No. 27-1, ¶¶ 4-7). Notwithstanding the conclusory nature of his statements, Mr. Trail asserts that Plaintiff was "clearly qualified" and that her qualifications were "clear from the fact of her resume." (Docket Entry No. 27-1, ¶¶ 4, 8). The facts Mr. Trail relies upon are facially evident in the applicants' resumes and Electrolux's job posting. (Docket Entry Nos. 20-1 at 11-41; 27-1). Mr. Trail presents Plaintiff's qualifications as being obvious, presumably apparent to all. As a result, Mr. Trail's declaration actually supports the proposition that it will not assist the trier of fact, for "[i]f everyone knows [something], then we do not need an expert because the testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Berry, 25 F.3d at 1350. Therefore, because Plaintiff has failed to establish how Mr. Trail's declaration would assist the trier of fact, Mr. Trail's opinion would not be admissible expert testimony pursuant to Rule 702 of the Federal Rules of Evidence. Thus, there are sufficient grounds to strike Steve Trail's Rule 56(e) declaration in his capacity as an expert witness, and the undersigned concludes that Defendant's motion should be granted.

## RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that Defendant Electrolux's motion to strike declaration of Steve Trail be **GRANTED**.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall

have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Millon, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 1st day of July, 2011.

s/ John S. Bryant  
JOHN S. BRYANT  
UNITED STATES MAGISTRATE JUDGE